# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ADVANCE NANOTECH, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 11-10776 (MFW)<br><br>Ref. D.I. 107 |
| JEOFFREY L. BURTCH, as chapter 7 trustee of the estate of debtor ADVANCE NANOTECH, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OWLSTONE, INC., a Delaware corporation, BRETT BADER, THOMAS FINN, JON BUTTLES, INGALLS & SNYDER, LLC, a New York limited liability company, HORACE SHEPARD BOONE,<br><br>Defendants. | Adv. Proc. No. 13-51215 (MFW)<br><br>Ref. D.I. 78 |

**ORDER GRANTING MOTION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE OF THE ESTATE OF DEBTOR ADVANCE NANOTECH, INC., PURSUANT TO 11 U.S.C. §§ 105(A), 363(B) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ENTRY OF AN ORDER (A) APPROVING SETTLEMENT AND STOCK PURCHASE AGREEMENT, (B) APPROVING SETTLEMENT OF CLAIMS, (C) APPROVING SALE OF SHARES OF STOCK IN OWLSTONE, INC., PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (D) AUTHORIZING THE CONSUMMATION OF TRANSACTIONS RELATED TO THE ABOVE; AND (E) GRANTING OTHER RELIEF**

Upon consideration of the Motion of the Jeoffrey L. Burtch, the Chapter 7 Trustee, for entry of an order pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (as amended, the "Bankruptcy Code"), and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement and Stock Purchase Agreement ("Settlement and Stock Purchase Agreement")[1] entered into among the Trustee and Defendants Owlstone, Inc., Ingalls and Snyder, LLC, and Horace Shepard Boone (the "Motion"); and good and sufficient cause appearing therefore;

**IT IS HEREBY FOUND, CONCLUDED AND DETERMINED THAT:**[2]

A.  The findings and conclusions on the record of the hearing on the Motion, including, without limitation, the findings and conclusions set forth herein constitute the Court's

---

[1] Capitalized terms not otherwise defined herein shall have the respective meanings ascribed to such terms in the Settlement and Stock Purchase Agreement or, if such terms are not defined in the Settlement and Stock Purchase Agreement, in the Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction to hear and determine the Motion and the transactions contemplated by the Settlement and Stock Purchase Agreement in accordance with 28 U.S.C. §§157 and 1334.

C. Venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Determination of the Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N). The statutory predicates for the relief requested herein are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, 9014 and 9019.

E. The Trustee has demonstrated a sound business purpose for the sale of the Owlstone Stock and the approval of the Settlement and Stock Purchase Agreement and the terms of the sale and the settlement described therein are fair and reasonable to all creditors and other parties in interest.

F. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with all applicable law, including without limitation, section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice of the Motion or the sale of the Owlstone Stock was or is required.

G. A reasonable opportunity to object and to be heard regarding the relief requested in the Motion has been afforded to all creditors and parties in interest.

H.   No consents or approvals, other than those expressly provided for in the Settlement and Stock Purchase Agreement, are required for the Trustee to consummate the settlement and the sale of the Owlstone Stock in accordance with the terms thereof.

I.   The Settlement and Stock Purchase Agreement and the transactions contemplated thereby were negotiated, proposed and entered into by the Trustee, the Ad Hoc Committee, Illinois National and the Remaining Settling Defendants in good faith and without collusion, and from an arms-length bargaining position. No party has engaged in conduct that would be sufficient for the Settlement and Stock Purchase Agreement or the sale of the Owlstone Stock to be avoided under section 363(n) of the Bankruptcy Code.

J.   Owlstone is a good faith purchaser, as that term is used in the Bankruptcy Code and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code. In that regard, the Court finds that (a) the Trustee's determination that the Settlement and Stock Purchase Agreement constitutes the highest and best offer for the Owlstone Stock is a valid and sound exercise of the Trustee's business judgment; (b) the Settlement and Stock Purchase Agreement represents a fair and reasonable offer to purchase the Owlstone Stock under the circumstances of the chapter 7 case; (c) no other person or entity or group of entities has offered to purchase the Owlstone Stock for economic value to the Debtor's estate greater than the consideration set forth in the Settlement and Stock Purchase Agreement; and (d) the sale is proper, necessary and serves the best interests of the Debtor, its estate, creditors and all parties in interest.

K.   The transfer of the Owlstone Stock to Owlstone will be a legal, valid, and effective transfer of the Owlstone Stock with all rights, title, and interest of the Debtor and its

Estate in and to the Owlstone Stock free and clear of any lien, encumbrance, pledge or security interest of any kind, claim (as defined in section 101(5) of the Bankruptcy Code), charge, option, right of first refusal or first offer, covenants, condition, restriction, title defect, interest, causes of action or judgment, proxy, voting trust or agreement, right of pre-emption or transfer restriction under any shareholder or other agreement (collectively, the "Liens and Encumbrances") of any kind or nature whatsoever which have arisen or accrued, or otherwise exist, as of the date hereof.

L. The Trustee may sell the Owlstone Stock free and clear of all Liens and Encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those non-Debtor parties who assert Liens or Encumbrances and/or any other interests in or against the Owlstone Stock who did not object, or who withdrew their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those parties who assert Liens or Encumbrances and/ or any other interests in or against the Owlstone Stock who did object, fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and either are not entitled to adequate protection or are adequately protected by having their asserted Liens or Encumbrances and/ or any other interests, if any, attach to the cash proceeds of the sale against or in which they claim an interest, to the extent, if any, and in the same priority as such interests attached to that asset prior to the closing of the sale.

M. Except as expressly set forth in the Settlement and Stock Purchase Agreement, Owlstone shall have no liability for any Liens or Encumbrances and/ or any other interests of any kind or nature whatsoever, or other obligation of or against the Debtor, related to the Owlstone Stock by reason of the transfer of the Owlstone Stock to Owlstone.

N.   Approval of the Settlement and Stock Purchase Agreement and closing of the Sale of the Assets at this time are in the best interests of the Estate, the Debtor's creditors, and other parties in interest.

O.   The consideration provided by Owlstone pursuant to the Settlement and Stock Purchase Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted in its entirety.

2. The settlement terms set forth in the Settlement and Stock Purchase Agreement are approved in all respects.

3. The Settlement and Stock Purchase Agreement and all of the terms and conditions thereof, substantially in the form attached as <u>Exhibit 1</u> to the Motion are approved in all respects; provided, however, that Paragraph 3 of the Settlement and Stock Purchase Agreement shall be restated to provide as follows and is hereby approved:

> "Notwithstanding the foregoing, Owlstone shall for distribution purposes have an allowed claim (the "Owlstone Retained Claim") in an amount sufficient for Owlstone to receive a distribution in the total amount of $56,250.00. Upon occurrence of the Effective Time and the Trustee's receipt of the Settlement

Funds, the Trustee shall promptly pay $28,125.00 to each of the Law Firms in full and complete satisfaction of the Owlstone Retained Claim."

4. Pursuant to section 363(b) of the Bankruptcy Code and by the issuance of this Order, the Trustee is authorized to perform his obligations under and comply with the terms of the Settlement and Stock Purchase Agreement, and consummate the sale, pursuant to and in accordance with the terms and conditions of the Settlement and Stock Purchase Agreement and any document or agreements ancillary thereto.

5. The Trustee is authorized to execute, deliver, fully perform under, consummate and implement the Settlement and Stock Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable, as determined and prepared by Owlstone, to implement the Settlement and Stock Purchase Agreement and the transactions contemplated thereby, and to take all further actions or steps as may reasonably be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, or conferring to Owlstone or its nominee the Owlstone Stock without further court order.

6. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Trustee is authorized to transfer the Owlstone Stock to Owlstone or its nominee by notifying the collateral agent, Axiom Capital Management (the "Collateral Agent") to release the Owlstone Stock to Owlstone or its nominee. The Collateral Agent is authorized and directed to transfer the Owlstone Stock in accordance with the Trustee's direction. The transfer of the Owlstone Stock shall vest Owlstone or its nominee with all right, title (which shall be good, clear and marketable), claim and

interest of the Debtor and its estate in and to the Owlstone Stock and shall be free and clear of any and all Liens and Encumbrances and /or any other interests. All such Liens and Encumbrances and/ or any other interests of any kind or nature whatsoever shall attach solely to the Illinois National Settlement Proceeds in the amount of $125,000 (the "Cash Sale Proceeds") in the order of their priority, with the same validity, force and effect which they now have as against the Owlstone Stock and the Trustee is authorized to promptly distribute the Cash Sale Proceeds to the holders of allowed filed proofs of claim secured by such Liens and Encumbrances on a pro rata basis based upon the amount of such allowed claims.

7. Except as expressly provided in the Settlement and Stock Purchase Agreement or this Order, upon the Effective Time, this Order (i) shall be effective as a determination that any and all Liens and Encumbrances of any kind or nature whatsoever existing with respect to the Owlstone Stock prior to the day of the closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (ii) shall be binding upon and shall govern the acts of all entities including without limitation, the Collateral Agent, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any part of the Owlstone Stock.

8. A certified copy of this Order may be filed with the appropriate clerk or filing office and/or recorded with the recorder or appropriate office to cancel and remove from record any Liens and Encumbrances, and all such clerk(s), filing office(s) and/or recorder(s) are authorized and directed to accept a certified copy of this Order to effect the termination and removal of such Liens and Encumbrances of record. The failure to file a certified copy of this order with the appropriate clerk or filing office shall not diminish or alter the effect of this order to release, discharge, or otherwise terminate all Liens, Encumbrances or any other interests as provided herein.

9. Each federal, state and local governmental agency or department is authorized to accept for filing and/or recording any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Settlement and Stock Purchase Agreement.

10. The transactions contemplated by the Settlement and Stock Purchase Agreement and the Sale are undertaken by Owlstone in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Accordingly, Owlstone or its nominee is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code, including but not limited to the provision that the reversal or modification on appeal of the authorization provided herein to consummate the transactions shall not affect the validity of the sale, unless such authorization is duly stayed pending such appeal of this Order.

11. The consideration committed to or by Owlstone pursuant to the Settlement and Stock Purchase Agreement (i) constitutes, and shall be deemed to constitute,

reasonably equivalent value and fair consideration, and (ii) is fair and reasonable and the Sale may not be avoided under section 363(n) or any other provision of the Bankruptcy Code, or otherwise.

12. The failure specifically to include any particular provision of the Settlement and Stock Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Settlement and Stock Purchase Agreement be authorized and approved in its entirety.

13. The Settlement and Stock Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate, and Trustee is hereby authorized to execute such modifications, amendments or supplements, and provided further that any such writing is promptly filed with the Court and served upon any affected parties.

14. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Settlement and Stock Purchase Agreement.

15. The Settlement and Stock Purchase Agreement and any related agreements, documents or other instruments to which the Trustee is a party may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

16. This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of the Settlement and Stock Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, if any, in all respects.

17. To the extent that this Order is inconsistent with any prior order or pleading in connection with the Motion, the Settlement and Stock Purchase Agreement or any other order entered in this case, the terms of this Order shall govern.

18. This Order, the Settlement and Stock Purchase Agreement and all agreements, documents and instruments executed and/or delivered at any time in connection with the Settlement and Stock Purchase Agreement (including, without limitation, any and all bills of sale, deeds to real properties and other instruments of conveyance) shall be binding in all respects upon the Trustee, all creditors and parties in interest in the chapter 7 case, any holders of Liens and Encumbrances against or on all or any portion of the Owlstone Stock, and any subsequently appointed trustee.

19. This Order is a final, appealable order, which shall be effective immediately upon entry pursuant to Rules 7062 and 9015 of the Federal Rules of Bankruptcy Procedure. The fourteen (14) day stay of this Order, as provided in Rule 6004(h) or any other Rule of the Federal Rules of Bankruptcy Procedure, shall not apply. Absent judicial imposition of a stay of this Order pending appeal, the Trustee and Owlstone may immediately consummate the transactions approved hereby, notwithstanding that an appeal of this Order is pending.

Dated: Aug 4, 2014
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge